STATE, THE PENNSYLVANIA RAILROAD COMPANY, PROSE-CUTORS, v. ISAAC S. BENNETT.

THE SAME v. GEORGE DEY.

A summons issued out of the court for the trial of small causes, against a corporation, must be served upon the president, treasurer, cashier, or clerk of such corporation, if found, and if not found, on any of the directors or managers thereof.

On *certiorari.*

Argued at February Term, 1885, before Justices KNAPP and PARKER.

For the prosecutors, *E. T. Green.*

For the defendants, *Alan H. Strong.*

These cases involve the same questions, and were heard together.

The opinion of the court was delivered by

PARKER, J.    Isaac S. Bennett was the plaintiff in two actions brought against the Pennsylvania Railroad Company, in the court for the trial of small causes, before Isaac Anderson, a justice of the peace.    The constable returned the summons in each of the cases as follows, viz. : " Isaac Buckelew, superintendent, and one of the defendants of the Pennsylvania Railroad Company, not being found, I served the within summons on him July 25th, 1884, by leaving a copy at his house, in the presence of a member of his family over fourteen years old, and informed her of the contents thereof."

Two summons were also issued at suit of George Dey by Robert P. Mason, a justice of the peace, against the prosecutors, in each of which cases the constable endorsed the following return, viz. : " The president, treasurer or clerk not being found, I served the within summons on Isaac Buckelew, the superintendent of the Amboy division of the Pennsylvania Railroad Company, he not being found, July 25th, 1884, by leaving a copy thereof at his house with his wife, to whom I read the contents."

These *certioraris* were brought to set aside the judgment in each of these cases, on the ground that the summons was not properly served on the prosecutors.    In some of the suits the prosecutors did not appear before the justice, and in others counsel appeared only to object to the service of the summons.

The eighteenth section of the act constituting courts for the trial of small causes, (*Rev.*, *p.* 542,) provides the mode of serving a summons issued out of that court upon a corporation.    It may be served on the president, treasurer, cashier, or clerk of said corporation, if found, and if not found, on any of the directors or managers thereof.

Mr. Buckelew was neither president, treasurer, cashier nor clerk of said corporation, nor was he a director or manager thereof within the meaning of the act.

The term " manager " is used in the statute as synonymous with director, and indicates an officer exercising the same functions as those which belong to the office of director.    In

some corporations the controlling body is denominated a board of managers, and they are invested with the same powers and duties as the officers termed directors in other corporations.

A superintendent of a railroad, whether general or of a division, does have a kind of management of the operations of the road, but he has no voice in the governing body which manages the business affairs of the corporation. He is only a subordinate officer and employee.

It is clear that the corporation in neither case was legally served with process, and was not brought within the jurisdiction of the court where judgments were rendered.

.The judgment in each case should be set aside.